UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv160-FDW

| | |
|---|---|
| JAMES HARRELL BROWN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>NORA HUNT, et al., )<br>)<br>Respondents. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner James Harrell Brown's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Respondents' Motion for Summary Judgment. (Doc. No. 8.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was convicted by a Burke County Superior Court jury on September 2, 2004, of three counts of statutory rape of a person 13, 14, or 15 years old, two counts of felonious breaking or entering, and one count each of first degree burglary, statutory sexual offense against a person 13, 14, or 15 years old, and indecent liberties with a child. (Pet. 1-2, Doc. No. 1.) The trial court sentenced Petitioner to four consecutive terms of 240 to 297 months imprisonment, based on his convictions for burglary, statutory rape, and statutory sexual offense. State v. Brown, 626 S.E.2d 307, 311 (N.C. Ct. App. 2006). He also received a suspended sentence of 16 to 20 months for his indecent liberties conviction and suspended sentences of 6 to 8 months for each of his breaking or entering convictions. Id. Petitioner filed a direct appeal.

1

On Feb. 21, 2006, the North Carolina Court of Appeals issued an opinion finding that no prejudicial error occurred with respect to Petitioner's trial or sentencing but remanding for the trial court to correct several clerical errors in the sentencing judgments. Id. at 315. Petitioner's petition for discretionary review ("PDR") was denied in the North Carolina Supreme Court on June 29, 2006. State v. Brown, 634 S.E.2d 221 (N.C. 2006).

Petitioner filed a motion for appropriate relief ("MAR") in the Burke County Superior Court on January 2, 2008. (Pet. 8.) After numerous proceedings and filings in the state court, Petitioner's MAR was denied in its entirety on May 12, 2015. (Pet. 9.) Petitioner filed a petition for writ of certiorari on January 4, 2016 in the North Carolina Court of Appeals, seeking review of the denial of his MAR; it was denied on January 19, 2016. (Pet. at 11.) Petitioner has since filed additional motions and petitions in the Burke County Superior Court and North Carolina Court of Appeals, all of which have been dismissed or denied. (Pet. 11-15.)

Petitioner filed the instant habeas Petition in this Court on June 8, 2016, when he signed and placed it in the prison mailing system. (Pet. 91.) Petitioner raises nearly two dozen Grounds for Relief, contending that he was unconstitutionally convicted and sentenced because: (1) his three indictments for burglary were defective; (2) there was no physical evidence to prove his guilt; (3) the evidence against him was tainted and, therefore, invalid and inaccurate; (4) his sentence violated the Eighth Amendment; (5) case officers committed misconduct, mishandled, falsified, and withheld evidence, and gave perjured testimony at trial; (6) the conditions under which Petitioner gave a statement to law enforcement rendered the statement involuntary; (7) his convictions and sentences were based on a falsified statement made after Miranda rights were given and waived; (8) evidence was seized from his residence without probable cause; (9) the victim altered her testimony; (10) his convictions and sentences were based on a hostile

2

witness's testimony; (11) e-mails introduced at trial had been altered; (12) the trial court abused its discretion in admitting evidence that was not linked to Petitioner's case; (13) the trial judge was biased and prejudiced against him; (14) the State's evidence was not linked to Petitioner; (15) the State's evidence was insufficient to prove every element of each charge; (16) appellate counsel was ineffective for failing to raise all of the issues raised in the instant Petition; (17) the State's appellate counsel misrepresented the record; (18) the trial court gave improper jury instructions; (19) some of the State's witnesses were not qualified to testify at trial; (20) post-conviction counsel was ineffective during MAR proceedings; (21) post-conviction counsel was ineffective in proceedings before the North Carolina Court of Appeals; and (22) trial counsel was ineffective for failing to adequately investigate and prepare for trial. (Pet. 15-81.)

Respondents filed an Answer, Motion for Summary Judgment, and Supporting Brief on September 30, 2016. (Doc. Nos. 7-9.) Respondents assert that all of the grounds raised in the Petition, except two, are barred by the statute of limitations. The two that are not barred, according to Respondents, raise claims that are not cognizable on federal habeas review.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975), the Court notified Petitioner of his right to respond to the Motion for Summary Judgment. (Doc. No. 10.) On October 21, 2016, Petitioner filed a Response. (Doc. No. 11.) This action is ripe for adjudication.

## II. STANDARD OF REVIEW

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); <u>United States v. Lee</u>, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most

favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

**III.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).[1] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on or about September 27, 2006, 90 days after the North Carolina Supreme Court denied Petitioner's PDR, and Petitioner's time for filing a petition for writ of certiorari in the United State Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003). The federal statute of limitations then ran for 365 days until it fully expired on or about September 27, 2007, more than three months before Petitioner filed his MAR in Burke County Superior Court.

Petitioner contends that he is entitled to tolling of the statute of limitations under § 2244(d)(2). According to Petitioner, on October 25, 2006, he filed a motion in Burke County

---

[1] There are three exceptions to this starting date. See § 2244(d)(1)(B)-(D). With the exception of Grounds 20 and 21, the factual predicates for all of the claims raised in the instant Petition either were known, or should have been known, to Petitioner by the date on which his convictions became final. Furthermore, Petitioner does not assert any facts that would require the one-year statute of limitations to begin on a later date pursuant to §§ 2244(d)(1)(B) or (C). Thus, for all but Grounds 20 and 21, which the Court addresses separately, the statute of limitations began to run on the date Petitioner's judgment of conviction became final, see § 2244(d)(1)(A).

4

Superior Court to compel his trial attorney to provide him the complete files from his criminal case. (Pet. 5.) The court sent a letter to Petitioner's trial attorney directing him to provide Petitioner the files. (Pet'r's Resp. to Summ. J. Mot. 5, Doc. No. 11.) The files were mailed to Petitioner on November 13, 2006. (Letter from Trial Counsel 92, Doc. No. 1-8.) Petitioner filed a motion for post-conviction discovery in Burke County Superior Court on November 13, 2006; the motion was denied on December 7, 2006. (Pet. 6.) Petitioner then filed a certiorari petition in the North Carolina Court of Appeals seeking review of the denial of his motion for post-conviction discovery. It was denied on February 7, 2007. (Pet. 7.) On May 7, 2007, Petitioner filed a motion for post-conviction DNA testing; he withdrew the motion on November 8, 2008. (Pet. 7-8.) Petitioner contends that the statute of limitations was tolled during the time each of these motions was pending.

     Petitioner is incorrect. The statute of limitations period is tolled during the pendency of a properly filed application for state post-conviction review or relief. See § 2244(d)(2). In North Carolina, post-conviction review is governed by N.C. Gen. Stat. §§ 15A-1411-15A-1422, which set forth procedures and requirements for filing an MAR, the vehicle by which a prisoner may seek collateral relief from a conviction and/or sentence. Sections 15A-1414 & 1415 specify the grounds upon which a prisoner may seek, and a state court may grant, collateral relief by way of an MAR. The pre-MAR motions filed by Petitioner were not for appropriate relief; they did not seek review of, or to vacate, his convictions and/or sentences. Instead, they sought information that had the potential to help Petitioner develop challenges to his convictions and/or sentences. In fact, the state court denied Petitioner's November 13, 2006 motion for post-conviction discovery without prejudice because it was premature; he had not yet filed a motion for appropriate relief. (Order Den. Nov. 13, 2006 Mot., Resp'ts' Ex. 8, Doc. No. 9-10.)

The motions Petitioner filed prior to January 2, 2008, when he filed his MAR, were not properly filed applications for state post-conviction review or relief and, therefore, did not toll the statute of limitations under § 2244(d)(2). Thus, absent equitable tolling, almost all of the grounds raised in the instant Petition are time-barred under § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner contends that he is entitled to equitable tolling of the statute of limitations because his pre-trial motions demonstrate he was diligently pursuing his rights in the state courts. His assertion is undermined, however, by his failure to file an MAR for more than a year after the Burke County Superior Court denied his motion for post-conviction discovery. The court's order clearly stated that Petitioner could not obtain discovery because he had not filed an MAR. (Order Den. Nov. 13, 2006 Mot., Doc. No. 9-10.) Rather than filing an MAR, Petitioner instead sought certiorari review of the court's order in the state appellate court. (Pet. 7.) Even after losing in the court of appeals, Petitioner did not file an MAR for almost a year.

Furthermore, after the court of appeals denied Petitioner's post-MAR petition for writ of certiorari (Jan. 19, 2016 Order Den. Cert. Pet., Resp'ts' Ex. 24, Doc. No. 9-28), Petitioner spent almost five months filing various pro se motions and petitions in the Burke County Superior

6

Court and North Carolina Court of Appeals (Pet. 9-14.2), before finally filing the instant federal habeas Petition. In this case, a stubborn refusal to recognize defeat in the state courts does not constitute "diligent" pursuit of post-conviction rights. Petitioner was represented by counsel during his MAR proceedings; the state court held at least one evidentiary hearing on Petitioner's MAR, and he was represented by counsel in his subsequent appellate court proceedings, which ended on January 19, 2016, when the North Carolina Court of Appeals denied his certiorari petition.

In short, Petitioner has failed to demonstrate that he has been pursuing his rights diligently. See Holland, 560 U.S. at 649. Moreover, he has failed to identify an extraordinary circumstance that stood in the way of his timely filing a federal habeas Petition. See id. Therefore, he is not entitled to equitable tolling of the statute of limitations.

Petitioner also contends that he qualifies for the "actual innocence" exception to the statute of limitations. (Pet'r's Resp. to Summ. J. Mot. 8-11.) In McQuiggin v. Perkins, the Supreme Court recognized a "miscarriage of justice" exception to § 2244(d)(1)(D). 133 S. Ct. 1924, 1928 (2013). Under this exception, a credible showing of actual innocence may allow a petitioner to pursue his constitutional claims on the merits notwithstanding expiration of the statute of limitations. Id. at 1931. A "credible showing of actual innocence" requires a petitioner to "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513

7

U.S. at 324.

      In his Response to the Motion for Summary Judgment, Petitioner does not identify any new evidence of actual innocence but asserts that he raised a claim of actual innocence in an April 2014 amendment to his MAR. (Pet'r's Resp. to Summ. J. Mot. 9.) According to Petitioner, in that amendment he "shows without doubt there is no evidence supplied by the opposing party to convict under the statutes and elements therein." (Id.) The Court has reviewed the April 2014 amendment to Petitioner's MAR (Resp'ts' Ex.16, Doc. Nos. 9-19, 9-20) and finds that Petitioner did not identify or present any evidence of actual innocence. See Schlup, 513 U.S. at 324. Instead, Petitioner's assertions of innocence were based upon claims that his indictments were rendered invalid by incomplete jury instructions and contained "fatal" elements, as well as claims that the evidence presented at trial was insufficient to prove various elements of the charges against him. (Resp'ts' Ex.16, Doc. Nos. 9-19, 9-20.)

      Actual innocence means factual innocence and not just legal insufficiency, however. See Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citation omitted). Petitioner has failed to present or identify any new, reliable evidence of actual innocence. Consequently, the untimeliness of his § 2254 Petition is not excused under McQuiggin, 133 S. Ct. at 1391.

      Finally, the Court turns to Grounds 20 and 21, which raise claims of ineffective assistance of post-conviction counsel. (Pet. 73-79.) Assuming without deciding that these claims are timely, see § 2244(d)(1)(D),[2] they, nevertheless, must be dismissed. Relief under § 2254 is available to those "in custody pursuant to the judgment of a State court only on the

---

[2] Under this subsection, the federal statute of limitations will begin to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. § 2244(d)(1)(D).

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). There is no constitutional right to counsel in post-conviction, collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). Where there is no constitutional right to counsel, there can be no deprivation of effective assistance under the Constitution. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). Thus, there can be no Sixth Amendment deprivation of the effective assistance of post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991). Because Grounds 20 and 21 claim violations of a right that does not exist under the Constitution, laws, or treaties of the United States, they are not cognizable on federal habeas review and must be dismissed.

## IV.    CONCLUSION

Except for Grounds 20 and 21, the grounds raised in the instant habeas Petition are untimely under § 2244(d)(1)(A). Petitioner has demonstrated neither the diligence nor extraordinary circumstances required to justify equitable tolling in this case. See Holland, 560 U.S. at 649. Additionally, he has not provided any new evidence of actual innocence that would warrant excusing the untimeliness of his habeas Petition. See McQuiggin, 133 S. Ct. at 1391. Finally, Grounds 20 and 21 are not cognizable on federal habeas review. Thus, Petitioner's § 2254 habeas Petition must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** with prejudice;

2) Respondents' Motion for Summary Judgment (Doc. No. 8) is **GRANTED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 15, 2017

Frank D. Whitney
Chief United States District Judge